[No. 2,854.]

## SEWELL v. PLACER COUNTY.

SALARY OF COUNTY CLERK OF PLACER COUNTY.—The Act of February 25th, 1858, concerning the office of County Clerk of Placer County (Stats. 1858, p. 29), does not limit the salary of the Clerk to the amount of fees received by him; and if the fees collected for any one month do not amount to the salary to which he is entitled, he can recover the difference from the county.

STATUTE REQUIRING OFFICERS TO PAY OVER FEES, LESS SALARY.—
    Where a statute concerning the office and fixing the salary of a County
    Clerk provided that he should collect all official fees, and at the first of
    every month pay the same over to the County Treasurer, "less his salary
    for the next preceding month;" and the fees for several months being less
    than the salary, it was claimed that the salary was only payable out of the
    collected fees; *held*, that he was entitled to his full annual salary, and that
    there was no legislative intention to limit the salary to the amount of fees
    received.

APPEAL from the District Court of the Fourteenth Judicial District, Placer County.

This action was brought to recover one thousand five hundred and forty-four dollars and forty-one cents, being the amount due the plaintiff during his term of two years. The complaint averred that the plaintiff paid into the County Treasury during his term of two years two thousand five hundred and sixty-eight dollars and fifty-six cents, and that during the same time there was drawn out of said sum for Deputy Clerk, the sum of one thousand four hundred and thirty-seven dollars. The defendant demurred to the complaint; the demurrer was overruled, and judgment by default rendered in favor of the plaintiff.

The other facts are stated in the opinion.

*H. H. Fellows, District Attorney of Placer County,* for Appellant.

Payment of the salary is to be made out of such fees as shall have been received by him as County Clerk, and not otherwise. (Vide Stats. 1868, pp. 29, 30.)

The first and subsequent sections of the Act referred to provide that the money for the payment of the same shall be collected from the fees of the office. No other source for the payment of the salary being provided, the Clerk must bear the consequences. He entered upon his duties as Clerk with full knowledge of the law, and if the fees have not

amounted to a sum equal to his salary he ought not to complain.

*Hale & Craig*, for Respondent.

The maxim *expresio unius est exclusio alterius* directly applies, and as a consequence the statutory expression of a limitation of the county's liability to the Deputy Clerk for salary to moneys coming to the Treasury from the fee fund, is in effect an exclusion of the like or any other limitation of the county's liability to the County Clerk for the full sum of his salary as fixed by law.

By the Court, NILES, J.:

The plaintiff's right to recover depends upon the construction of the Act of February 25th, 1858, "concerning the office of County Clerk of Placer County." (Stats. 1858, p. 29.)

Section one of the Act provides that the County Clerk shall "receive, for all services required of him by law in his said office, * * * a salary at the rate of three thousand five hundred dollars per annum, which salary shall be in full for all services required of him. * * * And the money for the payment of the same shall be collected and retained by said Clerk in the manner hereinafter provided."

Section three provides that the Clerk shall collect all official fees, "and upon the first Monday in each and every month shall pay the same over to the County Treasurer of said county, less his salary for the next preceding month."

The plaintiff was County Clerk, and during several months of his term the receipts for official fees did not equal the amount of his salary proportioned to those months; but the receipts for the entire year exceeded the amount of his salary. The Board of Supervisors refused to allow the plaintiff's claim for the difference between the receipts for fees

and the salary for these months, and the plaintiff sues to recover it.

The defendant claims that the salary of the Clerk is only payable from the fund arising from collected fees. This is a forced construction of the statute. The provision of section one, that " the money for the payment of the same (the salary) shall be collected and retained by the Clerk," and that of section three, requiring him to pay over the surplus of collected fees to the Treasurer, were evidently intended to secure to the county the revenue derivable from the excess of fees over salary upon the one hand, and to provide a convenient method for the payment of the salary upon the other. But they were not intended to lessen the amount of the annual salary as fixed by the Act.

This construction of these sections is aided by a consideration of the second section of the Act. This section authorizes the employment by the Clerk of a deputy, at a certain salary, but provides that the salary of the deputy shall not be allowed by the Board, " unless there shall have been paid over to the County Treasurer, by the County Clerk, a sum or sums equal to, or greater, than the sum claimed to be due for services rendered by the said Deputy Clerk." This restriction upon the allowance of the deputy's salary, and the absence of any restriction in the case of the Clerk, shows satisfactorily that it was not the intention of the Legislature to limit the salary of the Clerk to the amount of fees received by him.

Judgment affirmed.